[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
INTRODUCTION
As the term is defined in 42 U.S.C. § 1437, et seq., the plaintiff is a public housing authority (PHA) and is therefore subject to federal regulations concerning evictions.
In this summary process action, the defendant has moved to dismiss the complaint on the following grounds:
 1. The notice to quit served on the defendant ("notice") did not comply with § 47a-23 (e) of the General Statutes; and,
 2. The notice did not comply with the federal regulations concerning evictions, 24 C.F.R. § 966.4, et seq.
1. Section 47a-23 (e)
Section 47a-23 (e) provides:
 A termination notice required pursuant to federal law and regulations may be included in or combined with the notice required pursuant to this section and such inclusion or combination does not thereby render the notice required pursuant to this section equivocal, provided the rental agreement or lease shall not terminate until after the date specified in the notice for the lessee or occupant to quit possession or occupancy or the date of completion of the pretermination process, whichever is later. (Underlining added.)
Although the policy which motivated the legislature to provide that a landlord cannot terminate a lease until after the date on which a tenant is directed to vacate premises is unknown, the language the legislature used to express that policy is clear, and several decisions so holding make this a matter of settled law. Meridian Tower Associates v. Hammell, SPN9504-22046 (August 4, 1995), H1054; East Hartford HousingAuthority v. Adamson, SPH84703 (February 2, 1996), H1067;Meriden Housing Authority v. Collazzo, CV96-0256497S (March 13, 1997). CT Page 71
The notice states, in relevant part:
 TO: CARMEN L. GORBEA 15 EDGEWOOD PL MERIDEN, CT 06451
NOTICE OF LEASE TERMINATION AND NOTICE TO QUIT
 I hereby give you notice that your lease is terminated as of September 12, 1997 and you are to quit possession or occupancy of the house, land, building, apartments and premises, now occupied by you at 15 EDGEWOOD PL, Meriden, Connecticut, on or before September 27, 1997 for the following reasons:
1. NONPAYMENT OF RENT
 If you do not move by the date stated above, an eviction action will be commenced against you in the Superior Court, which HUD has determined to provide the opportunity for a hearing which contains the basic elements of due process. Any payments rendered after service of this notice to quit will be accepted as use and occupancy only with full reservation of rights to proceed with the eviction action.
Because the termination date in the notice (September 12, 1997) precedes the quit date in the notice (September 27, 1997), the notice is defective. Because a defective notice deprives the court of jurisdiction to hear a summary process action, the motion to dismiss is granted as to the § 47a-23(e) ground.
2. 24 C.F.R. § 966.4. et seq.
Section 966.4, et seq., provide that each PHA must establish a grievance procedure permitting its tenants to grieve a proposed eviction. Section 966.51 (a)(2)(i) provides that if HUD has determined that the law of a jurisdiction provides due process to tenants in eviction proceedings (the parties have stipulated that HUD has done so in respect to Connecticut law), then a PHA within that jurisdiction may exclude from its grievance procedure those evictions which are based on specified criminal activity. Section CT Page 72 966.51 (a)(2)(iv) provides that if HUD has issued a due process determination, ". . . the PHA is not required (in evictions) to provide the opportunity for a hearing under the PHA's administrative grievance procedure."
Because the federal regulations require each PHA to establish a grievance procedure regarding all evictions (other than those based on specified criminal activity), the plaintiff must have in place a grievance procedure to which the defendant has access. However, because HUD has issued a due process determination for Connecticut, the plaintiff need not provide the defendant "the opportunity for a hearing" in regard to evictions, such as this summary process action. In short, the defendant had the right, under the federal regulations, to file a grievance concerning her proposed eviction, but she did not have the right to a hearing on that grievance.
The policy underlying this apparent anomaly of granting a right to grieve which is not accompanied by a right to a hearing on the grievance is unknown. However, the language of the federal regulations to that effect is clear.
While the motion to dismiss is unclear as to the particular provisions of the federal regulations with which the defendant claims the plaintiff has not complied, at argument on this motion counsel for the defendant focused this claim on the defendant's right to a hearing on a grievance filed by her. Because it is held that she is not entitled to such a hearing, the motion to dismiss is denied as to the 24 C.F.R. § 966.4, et seq., ground.
Levine, J.